UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| LEONARD A. SEIDLITZ, | : | CASE NO. 1:07-cv-02471 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 15]. |
| COMMISSIONER OF, SOCIAL SECURITY | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this opinion and order, the Court considers the Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act. 28 U.S.C. §2412(d)(1)(A). [Doc. 15]. The Defendant does not oppose the motion. [Doc. 16]. For the reasons stated below, the Court **GRANTS** the Plaintiff's motion.

On April 14, 2007, this Court adopted Magistrate Perelmen's recommendation that the Court reverse and remand a decision of the Commissioner of Social Security denying Plaintiff William Jewel's application for disability insurance benefits. [Doc. 13]. Accordingly, the Plaintiff is the "prevailing party" in this case and entitled to fees. *See Shalala v. Schaefer*, 509 U.S. 292, 300 (1993).

To award fees, this Court must determine that the Commissioner's position was not "substantially justified." *Pierce v. Underwood*, 487 U.S. at 565 (1988). The Commissioner bears

Case No.
Gwin, J.

the burden to establish that his position was substantially justified. See *E.W. Grobbel Sons, Inc. v. NLRB*, 176 F.3d 875, 878 (6th Cir. 1999). As the Commissioner does not oppose the award of fees, the Court finds the Commissioner has not borne this burden. Therefore, the Equal Access to Justice Act entitles the Plaintiff to fees.

Plaintiff's counsel represents that she completed 17.25 attorney hours and asks this Court award her fees at the rate of $156.00 per hour. The Plaintiff further requests the $350.00 filing fee in costs. The Plaintiff requests a total of $3,041.00. The Equal Access to Justice Act defined the appropriate hourly fee as $125 in 1996, but the Court has discretion to make adjustments to the hourly rate based upon increases in the Consumer Price Index. *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992). The Consumer Price Index rose from 154.4 in January, 1996 to 198.3 in December, 2006. [Doc. 15, Ex 2]. The Court finds this rise justifies an hourly rate of $156.00.

For these reasons, the Court **GRANTS** the Plaintiff's motion for fees and costs and orders the Commissioner pay them in the amount of $3,041.00.

IT IS SO ORDERED.

Dated: July 18, 2008               s/            *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE